IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AGLAED GONZÁLEZ RIVERA, ET AL<br><br>Plaintiffs<br><br>vs.<br><br>CENTRO MÉDICO DEL TURABO, ET AL<br><br>Defendants | CIVIL CASE NO: 15-1538 (GAG) |

**OPPOSITION TO MOTION TO SET ASIDE PARTIAL DISMISSAL WITHOUT PREJUDICE AND MOTION TO STRIKE**

COMES NOW OMEGA ANESTESIA PSC (hereinafter OMEGA), Centro Medico Del Turabo, Inc. d/b/a HIMA SAN PABLO Caguas ("CMT" or "HSPC"); Grupo HIMA San Pablo Inc, and Dr. Francisco Golderos- Sanabria through the undersigned legal representation and respectfully state and pray:

**I. Introduction**

1. On July 11, 2017, Plaintiff filed a Motion to Set Aside Partial Dismissal without Prejudice, incorrectly titled in the ECF Filing Docket: "Motion to Dismiss". **Docket 66**. The appearing defendants oppose this request and move to strike the purported expert report by Dr. Allan Hausknecht of May 26, 2017 appended therein. **Docket 66; 66-1**.

2. As plaintiff is well aware, pursuant to the Status Conference Report of April 26, 2016, **Docket 38**, the Honorable Magistrate Judge set Plaintiff's expert witness report deadline for **May 20, 2016**; the Discovery Cut-off Deadline for

**November 15, 2016**; and the dispositive motion deadline for December 26, 2016. See, **Docket 38**.

3. Within these deadlines, Plaintiff notified the so called expert report of Dr. Carlos Lasalle, whose purported expertise has been challenged on several grounds by the defendants in their Motion for Summary Judgment, **Docket 45,** their Motion in Limine, **Docket 48**, their Reply to Response, **Docket 57**, and their unopposed Motion to Strike. **Docket 61**. As a matter of fact these motions and their replies are under advisement pending resolution by the Court. See, Order of **May 23, 2017**, **Docket 62** (Pursuant to this Honorable Court's Order, the parties were required to file hard copies of all their filings pertaining to pending Motion for Summary Judgment and Motions in Limine, and the response/reply brief. The Court specifically admonished that the failure to submit any document would result in the filing being stricken and not considered by the court.)

4. However, on **June 16, 2017** (one year after the Court's deadline for plaintiff's expert report, 7 months after the expiration of the discovery deadline and 6 months after the filing of the defendant's motion for summary judgment, while said fully briefed motion is pending adjudication), Plaintiff's counsel notified a new purported expert report of Dr. Allan Hausknecht dated May 26, 2017. See, **Exhibit 1**. The undersigned attorney, José A. Morales Boscio, immediately replied the following:

> Dear Mr. Efrón,
>
> The Discovery in the referenced matter has elapsed long time ago. No extension or leave to produce another expert report was filed. As a matter of fact, the motion for summary judgment and replies are under advisement. Any attempt to introduce this so-called report dated May 26, 2017, which we did not have the opportunity to depose its author,

is certainly unwarranted. We oppose this unjustified and belated production, and will move to strike.

Regards,

José A. Morales Boscio

See, **Exhibit 1**.

To which, Plaintiff counsel replied:

I disagree. Look at the record.
Read the rules and case law.
Have a happy Father's Day anyway.

See, **Exhibit 1.**

Counsel for HSPC, joined in the objection. Id.

In spite of the above, Plaintiff made no effort in her motion to set aside to expound which record, rules or caselaw warrants this course of action.

**II. "The Record, the Rules, the Caselaw"**

5. As the Court may examine, Defendants specifically argued in their Motion in Limine, **Docket 48 pag. 3**, that Plaintiff announced in her Rule 26 disclosures that Dr. Allan Hausknetch would serve as an expert neurologist, and that indeed he examined Ms. Aglaed González. Defendant underscored the fact that this alleged expert was later withdrawn from the case. See Depo. Tr. Aglaed, **Docket 45's Exhibit 1**, p. 198-199 and Letter of November 12, 2015 from David Efrón, Esq, **Docket 45's Exhibit 3**. Plaintiff made no counter argument and remain silent in this regard. No leave or extension was requested within the discovery deadlines set by the Magistrate Judge. No leave or extension, nor any kind of argument was brought forward at the summary judgment stage.

6. Defendants filed their summary judgment and replies (which are pending resolution) addressing Plaintiff's multiple and shifting liability theories. As a matter of fact, Defendants specifically argued in their unopposed Motion to Strike, **Docket 61, page 1**, that Plaintiff could not articulate a new damage theory for the first time in summary judgment motion when that theory was not mentioned in the original or amended complaints. See, Calvi v. Knox Cty., 470 F.3d 422, 431 (1st Cir. 2006); Eagle v. American Tel. and Tel. Co., 769 F.2d 541, 548 (9th Cir. 1985). Defendants further argued that allowing a plaintiff to proceed on new, unpled theories after the close of discovery would prejudice defendants, who have focused their discovery efforts on the theories actually pled. Martinez v. Petrenko, 792 F.3d 173, 179-80 (1st Cir. 2015). **Docket 61 page 1**. Plaintiff comes full circle and throws another theory in full and complete violation of this due process doctrine under the guise of a motion in relation to a former codefendant, which offers no excuse or justification for the blatant violation to the discovery deadlines set by the Court.

7. As a matter of fact, Plaintiffs with distinct indifference indicated that: "plaintiff and defendants, recently received a report for plaintiff's expert neurologist Dr. Allan Hausknecht (Exhibit I), which indicates that Dr. Berríos was negligent and is responsible for the damages caused in this case, for which plaintiff respectful requests that the partial dismissal without prejudice be set aside and that Dr. Berríos be reinstated as a co-defendant in this case". Presumably, former defendant Dr. Berríos will move before the Court his pertinent arguments as to the request to set aside the dismissal. But most importantly, note that this purported report also opines over the appearing defendants, which Plaintiffs underhandedly failed to disclose to the Court.

8. In passing upon the district court's refusal to extend the discovery deadline, the First Circuit bears in mind that review of a district court's exercise of its case management authority is highly deferential. See Thibeault v. Square D Co., 960 F.2d 239, 242 (1st Cir. 1992). Consequently, appellate review of a district court's case management orders, such as a scheduling order, is solely for abuse of discretion. See Vélez v. Awning Windows, Inc., 375 F.3d 35, 41 (1st Cir. 2004).

9. In the ordinary course, a litigant who seeks an extension of time must show good cause for the desired extension. See Fed. R. Civ. P. 6(b)(1). But where, as here, the litigant is faced with an expired deadline, more is required: she must show that her failure to request an extension in a timeous manner constitutes excusable neglect. See id.

10. In federal civil procedure, "excusable neglect" is a term of art. It encompasses "inadvertence, mistake, or carelessness, as well as . . . intervening circumstances beyond the party's control." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). Determining the existence *vel non* of excusable neglect is an equitable exercise that takes into account the totality of the circumstances. See id. at 395; Nansamba v. N. Shore Med. Ctr., Inc., 727 F.3d 33, 39, 2013 U.S. App. LEXIS 16650 at *11 (1st Cir. 2013) [No. 13-1266, slip op. at 10]. Even so, a lawyer's "inattention or carelessness," without more, "normally does not constitute 'excusable neglect.'" Dimmitt v. Ockenfels, 407 F.3d 21, 24 (1st Cir. 2005).

11. For good reason, the Civil Rules cede considerable control over discovery to district courts. See Fed. R. Civ. P. 16, 26, 37. This web of rules "permits district courts, among other things, to set temporal deadlines for the identification of experts and the disclosure of their opinions." Martínez-Serrano v. Quality Health Servs. of P.R., Inc., 568 F.3d 278, 283 (1st Cir. 2009). When a party flouts such a deadline, one customary remedy is preclusion. See Macaulay v. Anas, 321 F.3d 45, 50-52 (1st Cir. 2003) (affirming preclusion where "the appellant ha[d] not advanced any real justification for [the] tardy emergence" of a new expert report); Thibeault v. Square D Co., 960 F.2d 239, 246-48 (1st Cir. 1992); see also Fed. R. Civ. P. 37(c)(1).

12. The Court should consider, including the overall history of the litigation, the importance of the precluded evidence, the justification (or lack of justification) for the delay, the nature and extent of prejudice to the other side, and the impact of the failure to comply with the discovery deadline on the district court's docket. See Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 78 (1st Cir. 2009). Another consideration is "the court's [strong] independent interest in administering its docket." Tower Ventures, Inc. v. City of Westfield, 296 F3d 43, 46 (1st Cir. 2002).

**III. Analysis**

13. As shown above, a close look at the record, the rules and caselaw, demonstrate that Plaintiff failed to meet the discovery deadlines of **May 20, 2016** (expert report deadline) and **November 15, 2016** (discovery cut-off). Further, Defendants in their summary judgment and related motions, while dismantling Plaintiff’s multiple and shifting theories, particularly addressed the withdrawal of Dr.

Hausknecht. Plaintiff remain silent at that moment and thus waived any argument in this regard.

14. Now, one year later from the deadline and all motions under advisement, plaintiff brings this motion which certainly fails to show good cause or excusable neglect. In fact, no effort was made to expound one reason whatsoever to allow this report, which Defendants certainly had no opportunity to depose its author. Further, Plaintiff's surreptitious attempt not to disclose to the Court the full extent of this so called report, which not only refers to the already dismissed claims against former codefendant Dr. Berríos, but also relates to the remaining defendants, constitutes a blatant violation of defendants' due process and the Court's management and scheduling orders. This conduct, in addition to Plaintiff's procedural history analyzed in detail in our Motion for Summary Judgment motion, counsels the Court to strike this purported expert report. Defendants also move the Court to impose costs and attorney fees.

WHEREFORE, it is respectfully requested from this Honorable Court to (i) deny the Motion to Set Aside Partial Dismissal without Prejudice, (ii) to strike the purported expert report, and (iii) to impose costs and attorney fees.

I HEREBY CERTIFY: that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to attorneys of record to their respective e-mail addresses of record.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this 18th day of July, 2017.

**On behalf of Omega**

**s/ José A. Morales Boscio**
José A. Morales Boscio- USDC-PR 220614
1454 Fernández Juncos Avenue
San Juan PR 00909
Tel. (787) 723-7171
Fax (787) 723-7278
E-mail: jmoralesb@microjuris.com

**On behalf of HSPC**

**/s/Fernando E. Agrait, Esq.**
**FERNANDO E. AGRAIT LAW OFFICE**
Centro de Seguros, Suite 415
Centro de Seguros, Suite 413
701 Ponce de León Avenue
San Juan, PR 00907
Tel. 787-725-3390/3391
Fax. 787-724-0353
Email: agraitfe@agraitlawpr.com
USDC-PR 127212

**/s/Orlando H. Martínez Echeverría**
**ORLANDO H. MARTINEZ ECHEVERRIA LAW OFFICE LLC**
Centro de Seguros, Suite 413
701 Ponce de León Avenue
San Juan, PR 00907
Tels. 787) 722-2378
Fax. (787) 724-0353
Email: omartinez@martinezlaw.org
USDC-PR 213052

**On behalf of Dr. Francisco Golderos-Sanabria**

**/s/ Eduardo Ortiz Declet**
**Gonzalez Villamil Law Office**
USDC: 301112
1181 Ave. Jesus T. Pinero
San Juan PR 00920-5604
eduardo@gonzalezvillamil.com
787-792-5200

lvf